UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADO REYES TRUJILLO,<br><br>   Petitioner,<br><br>   v.<br><br>MONA D. HOUSTON, Acting Warden,<br><br>   Respondent. | Case No. 19-cv-06759-YGR (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

## I.     INTRODUCTION

This is a closed *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Petitioner's motion entitled, "Request a Review," in which Petitioner "moves this Court [to] review his writ[] of habeas corpus." Dkt. 16 at 1. The Court construes his request as a motion for reconsideration of the Court's Order dismissing his action on January 3, 2020, presumably pursuant to either Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below.

## II.    BACKGROUND

Petitioner filed this *pro se* action for writ of habeas corpus to challenge a 2003 conviction from Santa Clara County Superior Court. However, Petitioner had filed a previous petition for a writ of habeas corpus with this Court, challenging the same conviction and sentence. *See* Case No. C 11-1908 CW (PR). The instant action was dismissed because Petitioner needed to obtain permission from the United States Court of Appeals for the Ninth Circuit to file a second or successive petition if he wanted to challenge the 2003 conviction because he already litigated one federal habeas petition challenging that 2003 conviction. Dkt. 11 at 1.

Petitioner now returns with the pending motion that presents his claim of ineffective assistance of counsel ("IAC"), which was alleged in the petition filed in this action. Dkt. 16 at 1-4. The motion for reconsideration does not assert any legal or factual error in the order of dismissal or judgment in this action. *See id.*

### III. DISCUSSION

Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. As of 2009, the Federal Appellate Rule 4's deadline to file a motion for reconsideration under Rule 59(e) is twenty-eight days. *See Classic Concepts, Inc. v. Linen Source, Inc.*, 716 F.3d 1282, 1285 (9th Cir. 2013). Petitioner's present motion is deemed filed on the date it was signed, February 18, 2020. Dkt. 16 at 1. However, the dismissal was issued on January 3, 2020, and thus his February 18, 2020 motion was filed past the twenty-eight-day period, and it is therefore not timely under Rule 59(e).

Federal Rule of Civil Procedure 60(b) lists six grounds for relief from a judgment. Such a motion must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the judgment was entered. *See* Fed. R. Civ. P. 60(c)(1). Rule 60(b) provides for relief where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by reasonable diligence could not have been discovered in time to move under Rule 59(b); (3) fraud, misrepresentation or misconduct by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Rule 60(b)(6)'s "catchall provision" applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *See Jones v. Ryan*, 733 F.3d 825, 839 (9th Cir. 2013). The movant "must show 'extraordinary circumstances' justifying the reopening of a final judgment." *Id.*

Here, Petitioner does not indicate under what provision of Rule 60(b) reconsideration is warranted. In any case, he presents no valid basis for reconsideration under Rule 60(b). As explained below, he alleges no new evidence that could not have been discovered with due diligence. Furthermore, he fails to show mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or voiding of the judgment. Finally, he does not provide any other reason justifying relief, such as extraordinary circumstances.

1    The habeas court must not allow a Rule 60(b) motion to be used to circumvent the rule in
2    28 U.S.C. § 2244(b) against second and successive habeas petitions. *Jones*, 733 F.3d at 833. A
3    successive petition is a petition that raises claims identical to those raised and rejected on the
4    merits in a prior petition, and a second petition is one that raises new claims after a petition raising
5    other claims has been adjudicated on the merits. *See Kuhlmann v. Wilson,* 477 U.S. 436, 444 n.6
6    (1986).

7    There is no bright line rule for determining whether a document labeled as a Rule 60(b)
8    motion actually is a true Rule 60(b) motion or is a disguised second or successive petition. *See
9    Gonzalez v. Crosby*, 545 U.S. 524, 531-33 (2005); *Jones*, 733 F.3d at 834. These cases provide
10   some guidance, however. "[A] legitimate Rule 60(b) motion attacks . . . some defect in the
11   integrity of the federal habeas proceedings, while a second or successive habeas corpus petition is
12   a filing that contains one or more claims, defined as asserted federal bas[e]s for relief from a state
13   court's judgment of conviction." *Jones*, 733 F.3d at 834 (internal quotation marks omitted) (citing
14   *Gonzalez*, 545 U.S. at 530, 532 n.5). Proper Rule 60(b) motions include those "assert[ing] that a
15   previous ruling which precluded a merits determination was in error, for example, a denial for
16   such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez*, 545
17   U.S. at 532 n.4.

18   Petitioner's motion for reconsideration is in the nature of a successive petition rather than a
19   proper Rule 60(b) motion. The motion does not argue any error of fact or law in the order of
20   dismissal or judgment in this case. Instead, as mentioned, the motion asserts his previously-raised
21   IAC claim. Because his motion for reconsideration presenting an IAC claim is in the nature of
22   successive petition, it cannot be entertained by this Court unless and until Petitioner obtains
23   permission from the Ninth Circuit to file a successive petition. *See* 28 U.S.C. § 2244(b)(3)
24   ("Before a second or successive application permitted by this section is filed in the district court,
25   the applicant shall move in the appropriate court of appeals for an order authorizing the district
26   court to consider the application"). Nothing in the record indicates that Petitioner has done so.
27   Therefore, his motion for reconsideration is DENIED. Dkt. 16.
28   A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in

which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct" in its rulings in the January 3, 2020 Order of Dismissal or in this Order. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The denial of the certificate of appealability is without prejudice to Petitioner seeking a certificate from the Ninth Circuit.

### IV. CONCLUSION

For the foregoing reasons, the motion for reconsideration is DENIED. Dkt. 16. The denial of the motion for reconsideration is without prejudice to Petitioner seeking permission in the Ninth Circuit to file a successive petition for writ of habeas corpus. A certificate of appealability will not issue.

The Clerk of the Court shall mail to Petitioner a copy of the form application for leave to file a second or successive petition.

This Order terminates Docket No. 16.

IT IS SO ORDERED.

Dated:   July 31, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge